[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11706

Non-Argument Calendar

_____

LISA AMBROSE MCGRANAHAN,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00795-WFJ-TGW

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Lisa McGranahan appeals the denial of her application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). After McGranahan alleged that she was disabled due to major depression disorder, generalized anxiety disorder, and social anxiety disorder, the administrative law judge found that she was not disabled and denied her application. McGranahan challenges that denial and argues that the administrative law judge failed to evaluate properly the medical opinion evidence from two of her treating mental-health providers, her subjective complaints, and her residual functional capacity. We affirm.

We review the administrative law judge's application of legal principles *de novo* and review the resulting decision "to determine whether it is supported by substantial evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* We will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Even if the preponderance of the evidence weighs against the decision, we will affirm so long as substantial evidence supports the decision. *Buckwalter*, 5 F.4th at 1320.

In support of her claim, McGranahan submitted medical opinions from psychiatric nurse practitioner Emily Reynolds. In February 2018, about two months after McGranahan's alleged disability onset date, Reynolds recorded, during a mental-status exam, that McGranahan's thought process was coherent and logical, her level of intellectual functioning was average, and her memory was grossly intact. Reynolds recorded that McGranahan stated that she was mildly depressed and anxious and that her medication was somewhat effective, and Reynolds adjusted her medication.

Over the next three years, Reynolds completed three psychiatric impairment questionnaires. In February 2019, one week after McGranahan reported tolerating her medication well and requested a medication adjustment, Reynolds opined in a questionnaire co-signed by psychiatrist Dr. Gregory Onderko that McGranahan would experience marked restrictions in daily living activities and social functioning and frequent deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner and her absence from work about once a month. In October 2020, despite McGranahan reporting over the previous ten months that she was busy over the holidays, helped a family member move, gardened, and planned a trip to the beach, Reynolds opined in a second questionnaire, co-signed by psychiatrist Dr. Linda Leffler, that McGranahan had a moderate restriction of daily living activities and extreme difficulties in social functioning but that she could not assess whether McGranahan experienced deficiencies of concentration, persistence, or pace. Nevertheless, Reynolds opined that these impairments would cause McGranahan

to be absent from work more than twice a month. During that month, McGranahan reported that her medications were helpful, denied major mood instability, and reported engaging in healthy lifestyle behaviors and exercising regularly. In June 2021, after McGranahan reported four months earlier that she was comfortable with her medications, was exercising, and was engaging in various projects to stay busy and denied any major mood instability, Reynolds opined in a third questionnaire, co-signed by Dr. Leffler, that McGranahan had marked restrictions of daily living activities and social functioning and would experience frequent deficiencies of concentration, persistence, and pace and that these impairments would cause her to be absent from work more than twice a month. During that month, McGranahan reported that she wanted to continue her medications because she felt that she had made significant progress while taking them. And in August 2021, McGranahan reported doing well overall and being more organized and grounded.

McGranahan also presented medical opinion evidence from Dr. Marisol Valencia-Payne who evaluated McGranahan during a single telehealth visit in September 2020. Dr. Valencia-Payne opined that McGranahan had marked limitations in social interaction, adaptation, and concentration and persistence, which would cause her to be absent from work more than three times a month.

Substantial evidence supports the administrative law judge's finding that McGranahan was not disabled. The administrative law judge considered both providers' medical opinions but found that the opinions were unpersuasive because they were inconsistent

with other medical evidence and lacked support in the record. *See* 20 C.F.R § 404.1520c, 416.920(c) (providing that for claims filed on or after March 27, 2017, the administrative law judge must articulate how persuasive he finds each medical opinion, but providing that he no longer must assign more weight to a treating source's medical opinion or explain why good cause exists to disregard it). The administrative law judge considered and explained that Reynolds's opinions that McGranahan experienced severe limitations were inconsistent with record evidence that McGranahan functioned independently, performed a variety of activities like shopping and driving, did not require hospitalization or intense treatment, and experienced improvement in her symptoms with regular medication, which she requested no changes to in 2021. The administrative law judge also considered Dr. Valencia-Payne's opinion, which was based on her one-time video examination of McGranahan, and found that this opinion lacked support in the record and appeared to contradict both McGranahan's reports to Reynolds regarding her increased activities during that time and Dr. Valencia-Payne's notes that McGranahan exhibited a coherent and goal-directed thought process with intact concentration and attention. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (finding that substantial evidence supported the "decision to discount" a physician's opinion because it was "inconsistent with his own treatment notes, unsupported by the medical evidence, and appear[ed] to be based primarily on [the claimant's] subjective complaints"). And because the administrative law judge found the opinions equally unpersuasive, the new regulations did

not require him to articulate his consideration of the other factors. *See* 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . . We may, but are not required to, explain how we considered the [remaining factors] when we articulate how we consider medical opinions . . . .").

Substantial evidence also supports the administrative law judge's finding that McGranahan's subjective complaints regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and her testimony. The administrative law judge found that despite McGranahan's allegations that she was severely limited, her conditions "required little medical intervention" and "caused no symptoms that prevented the claimant from performing substantial gainful activity." *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). The administrative law judge also found it significant that, with treatment and an effective medication regimen, McGranahan was able to increase her activities and improve her symptoms. The administrative law judge explained that, despite McGranahan self-reporting on a supplemental questionnaire that she was limited in memory, completing tasks, concentrating, and getting along with others, he observed at the hearing that she "paid good attention, was well focused, understood the questions, and gave relevant and detailed answers." *See id.*

Substantial evidence supports the finding that McGranahan had the residual functional capacity to perform work with certain

non-exertional limitations. The administrative law judge found that McGranahan could understand and carry out "routine, repetitive, unskilled tasks with the ability to make basic decisions and adjust to simple changes in a work setting; as long as interaction with the public, coworkers and supervisors is no more than frequent." In doing so, the administrative law judge properly evaluated the medical record, the opinions of McGranahan's mental health providers, and the symptoms she alleged. And the administrative law judge also considered but partially rejected the medical opinion of two state agency psychological consultants, both of whom opined that McGranahan experienced only mild limitations, because the administrative law judge found that the medical evidence established that McGranahan experienced moderate, not mild, limitations in interacting with others and concentrating, persisting, or maintaining pace. The administrative law judge properly evaluated and articulated his consideration of this medical evidence in determining McGranahan's non-exertional limitations of performing routine, unskilled tasks with reduced interactions with others. *See Winschel*, 631 F.3d at 1179.

We **AFFIRM** the denial of McGranahan's application for benefits.